# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                              CRIMINAL NO. 1:08CR122

JACKIE L. PEEKS

## ORDER

This cause comes before the court on the motion in limine [24] of the defendant, Jackie L. Peeks, seeking to exclude evidence of his sexual relationship with Jillian Anne Redmon.

Peeks engaged in a sexual relationship with Redmon when she was approximately fifteen years of age. During a sexual encounter Redmon allowed Peeks to photograph her nude. The two pictures created by Peeks at this time resulted in him being charged with possession of child pornography under 18 U.S.C. § 2252A.

Peeks seeks to exclude testimony related to his sexual relationship because the government failed to give notice of its intent to use such evidence as required by Federal Rule of Evidence 404(b). Rule 404(b) states

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The government failed to provide any notice of its intent to introduce evidence of the sexual relationship. The government, however, argues that evidence of the sexual relationship is not

another crime, wrong, or act, but is intrinsically part of the crime of possession of child pornography.

Section 2252A makes it a crime to possess child pornography. However, not all nude pictures of minors are child pornography, but only those containing a "lascivious exhibition of the genitals or pubic area." 18 U.S.C. § 2256(8)(B); 2256(2)(B)(iii); *see also Doe v. Chamberlin*, 299 F.3d 192, 196 (3d Cir. 2002). In determining if a particular image is child pornography courts routinely refer to a set of factors found in *United States v. Dost*, 636 F.Supp 828, 832 (S.D. Cal 1986). *See, e.g., United States v. Boudreau*, 250 F.3d 279, 283 (5th Cir. 2001). Among the factors listed in *Dost* is "whether the visual depiction is intended or designed to elicit a sexual response in the viewer." 636 F.Supp. at 832. Other courts have gone further finding:

> Where children are photographed, the sexuality of the depictions often is imposed upon them by the attitude of the viewer or photographer. The motive of the photographer in taking the pictures therefore may be a factor which informs the meaning of "lascivious."

*United States v. Arvin*, 900 F.2d 1385, 1391 (9th Cir. 1990).

Based on these persuasive precedents the court finds the sexual relationship between Peeks and Redmon is not a prior act, but instead is part of the charged act. The charge in the indictment contemplates not just the possession of a photograph, but instead possession of a certain type of prohibited photograph. The reason that photograph is prohibited is because of its content. That lascivious content is created because of the sexual relationship between Peeks and Redmon. Their relationship is not simply evidence of the fact that the photograph is child pornography; it is at least in part the reason the photograph is child pornography. Thus this evidence is not governed by Rule 404(b) and no notice of intent to introduce it was required.

Peeks' motion in limine is DENIED.

This the 16th day of June, 2009.

                                               **/s/ MICHAEL P. MILLS**
                                               **CHIEF JUDGE**
                                               **UNITED STATES DISTRICT COURT**
                                               **NORTHERN DISTRICT OF MISSISSIPPI**